UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANGEL NAVARRO                  :
                               :
    v.                         :     C.A. No. 12-141S
                               :
CAPTAIN BARBARA                :
HEADEN, et al.                 :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(A)) is Defendants' Motion to Dismiss Plaintiff's Amended Complaint. (Document No. 21). Plaintiff initiated this pro se action pursuant to 42 U.S.C. § 1983 against officers employed by the Adult Correctional Institutions ("ACI") where he is presently incarcerated.[1] On January 15, 2013, the Court granted Plaintiff's Application to Proceed In Forma Pauperis and screened his Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. (Document No. 9). The screening resulted in the dismissal of the majority of Plaintiff's claims as meritless; however, Plaintiff's Eighth Amendment claim that he was labeled a "snitch" by prison officials and exposed to inmate retaliation in deliberate indifference to his health and safety was allowed to proceed. Id. Plaintiff's remaining claim is brought against Captain Headen, and Correctional Officers Spadoni, Turni[2] and Ventura. Id.

**Discussion**

---

[1] Plaintiff pled nolo to an amended charge of second-degree murder on November 16, 2006 and is serving forty years of a sixty-year full sentence. See State v. Navarro, P1-2005-2087A.

[2] Officer Turni was never served and can be dismissed on that basis pursuant to Rule 4(m), Fed. R. Civ. P. (Document No. 13).

In their Motion to Dismiss, Defendants allege that Plaintiff's factual allegations are insufficient to state a plausible Eighth Amendment claim and that dismissal is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), because it is undisputed that Plaintiff failed to exhaust his available remedies under the ACI grievance procedure.[3]

On April 24, 2013, a Pretrial Order was issued that set a fact discovery deadline of August 31, 2013. (Document No. 18). Defendants timely filed the instant dispositive motion on November 15, 2013. (Document No. 21). Pursuant to Local Rule Cv 7(b)(1), Plaintiff's Opposition to Defendants' Motion to Dismiss was due by December 2, 2013. To date, Plaintiff has neither filed an opposition to Defendants' Motion nor sought an extension of time to file an opposition. At this point, Plaintiff's Opposition is nearly six months overdue and thus Defendants' Motion to Dismiss is Unopposed and may be granted on that basis. The only filing made by Plaintiff in this case after the close of discovery is a randomly filed "memorandum of law" filed on October 18, 2013 prior to the filing of the instant Motion. (Document No. 20). Even if that "memorandum of law" was deemed to be an opposition to Defendants' later-filed Motion to Dismiss out of deference to Plaintiff's pro se status, it is conclusory and does not present sufficient facts to support a plausible, trial-worthy Eighth Amendment claim against the remaining Defendants.

For the foregoing reasons, I recommend that Defendants' Unopposed Motion to Dismiss Plaintiff's Amended Complaint in its entirety (Document No. 21) be GRANTED and that the Court enter FINAL JUDGMENT in favor of Defendants. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a

---

[3] Defendants' failure to exhaust argument appears to be focused on Plaintiff's taking of property claim; however, such claim was dismissed during the screening process. (See Document No. 9 at p. 14, and No. 21 at p. 13).

timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
May 28, 2014